IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF BADR | § No. 327, 2024 |
| ABDELHAMEED DHIA JAFAR | § |
| FOR A WRIT OF MANDAMUS | § |

Submitted: September 9, 2024
Decided: October 11, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the response, it appears to the Court that:

(1) The petitioner, Badr Abdelhameed Dhia Jafar, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Court of Chancery to reopen his case and to grant two of his motions. After careful review, we conclude that the petition must be dismissed.

(2) On March 2, 2020, Jafar filed an action in the Court of Chancery seeking inspection of the books and records of Vatican Challenge 2017, LLC (the "Company") under 6 *Del. C.* § 18-305.[1] The court entered a default judgment against the Company, and Jafar sought appointment of a receiver to enforce the Company's compliance with the judgment. The Court of Chancery entered Jafar's proposed

---

[1] We take judicial notice of the docket in *Jafar v. Vatican Challenge 2017, LLC*, C.A. No. 2020-0151 (Del. Ch.)

order appointing a receiver (the "Receiver"), which provided that that the Company would pay the Receiver's fees and expenses. After the Company failed to do so, the Receiver moved the court to require Jafar to pay her fees for work performed in furtherance of the receivership as well as fees-on-fees.

(3) On February 8, 2022, the Court of Chancery granted the Receiver's motion in part. On April 26, 2022, the Court of Chancery entered an implementing order requiring Jafar to pay the Receiver $98,841.60 plus interest and requiring the Company to pay the Receiver $41,942.96 plus interest. On June 8, 2023, the Court of Chancery entered the April 26, 2022 implementing order as a partial final judgment under Court of Chancery Rule 54(b). On appeal, this Court affirmed the Court of Chancery's judgment.[2]

(4) In a June 9, 2023 letter to Jafar and the Receiver, the Court of Chancery advised that it was unclear what remained to be resolved in the matter. The court noted that Jafar's former counsel had previously filed motions for leave to amend the complaint and for an order allowing communications with companies that the Company had invested in. If Jafar intended to pursue those orders, the court directed him to renew his motions with an accompanying brief by July 10, 2023. Otherwise, the court directed Jafar to advise why the matter should not be dismissed.

---

[2] *Jafar v. Moen*, 2024 WL 835257 (Del. Feb. 27, 2024).

(5) On April 23, 2024, the Receiver notified the Court of Chancery that Jafar had satisfied the partial final judgment. In a letter dated May 6, 2024 and docketed on May 24, 2024, Jafar asked the Court of Chancery to grant the motions identified in its June 9, 2023 letter. In a letter dated June 11, 2024 and docketed on July 22, 2024, Jafar advised that he had been informed of the closing of the Court of Chancery action and asked that it be reopened so he could pursue his efforts to identify Company assets that might be available to satisfy some of the Company's obligations to him and the Receiver.

(6) On August 13, 2024, Jafar filed a petition for a writ of mandamus in this Court. He seeks a writ of mandamus directing the Court of Chancery to reopen the Court of Chancery action and to grant his motions for leave to amend the complaint to add the Company's sole manager as a defendant and for an order allowing him to communicate with the Company's investment companies so he can determine the value of Company assets. Aside from reserving her rights as to statements about her in the petition that she asserts are false and defamatory, the Receiver takes no position on the petition.

(7) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its

3

duty.[3] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

(8) There is no basis for issuance of a writ of mandamus here. On June 9, 2023, the Court of Chancery directed Jafar to renew his motions for leave to amend the complaint and for an order allowing communications with companies that the Company had invested in with an accompanying brief by July 10, 2023. Otherwise, Jafar was required to inform the court why the action should not be dismissed. Jafar failed to take any action by July 10, 2023. He did not ask to renew the motions until May 2024 and did not file an accompanying brief at that time. He asked the Court of Chancery to reopen the case in a July 2024 letter, but did not file a motion to reopen. Under these circumstances, Jafar cannot show that the Court of Chancery has arbitrarily failed or refused to perform a duty owed to him.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

_/s/ Karen L. Valihura_
Justice

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*

4